DETROIT, LANSING & NORTHERN RAILROAD COMPANY v. WILLIAM NEWTON, CIRCUIT JUDGE.

[See 61 Mich. 9].

*Injunction—Mandamus to dissolve—Granted only when exigency demands prompt action to prevent mischief.*

A *mandamus* to disturb action by a circuit judge in equity can only issue upon some exigency requiring prompt action to prevent mischief; and so long as the law is open, the Court is not called upon to use its extraordinary powers to assist private redress of supposed wrongs.

Application for mandamus to compel the respondent to dissolve an injunction. Argued April 13, 1886. Denied April 15, 1886.

After the argument of the appeal of the petitioner, as defendant, in the case of *The Toledo, Ann Arbor & North Michigan Railway Co. v. Detroit, Lansing & Northern Railroad Co.* [See 61 Mich. 9], this application was made, seeking a dissolution by mandamus of the injunction granted in that suit. The facts are sufficiently stated in the opinions.

*Charles B. Lothrop*, for relator.

CAMPBELL, C. J. We are asked to interfere by *mandamus* to compel a circuit judge to dissolve an injunction which he has declined to set aside. Its purport is to prevent relator from redressing, by its own act, a grievance which it claims to be illegal, but which the complainant in equity insists was no grievance, but a legal right to take possession of a crossing, and keep it up, beneath relator's railway. The injunction does not, and could not, prevent relator from resorting to any and all legal remedies, civil and criminal.

A *mandamus* to disturb action by a judge in equity can only issue upon some exigency that requires prompt action to prevent mischief. The only end to be reached by the action sought is to remove obstructions to allowing relator to use active measures, outside of legal proceedings, to prevent the further use and occupancy of the disputed territory. So long as the law is open, we do not think we are called upon to use our extraordinary powers with a view of assisting private redress of supposed wrongs. Whether the injunction was right or wrong, we do not think the exigency is of such a nature that we should interfere by summary process in the matter.

The other Justices concurred.